**FOR PUBLICATION**



ATTORNEYS FOR APPELLANT:

**DEBRA LYNCH DUBOVICH**
**REVA J. HILL**
Levy & Dubovich
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**MELISSA L. ROHRER**
Merrillville, Indiana

**R. BRIAN WOODWARD**
Woodward & Blaskovich, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| In re the Marriage of: | ) | |
| | ) | |
| FRANK J. OZUG, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1307-DR-250 |
| | ) | |
| KAREN S. OZUG, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable Michael A. Sarafin, Special Judge
Cause No. 45C01-1112-DR-1023

**March 6, 2014**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Frank J. Ozug ("Husband") appeals the trial court's decree of dissolution ("the Decree"), claiming that it was error to award Karen S. Ozug ("Wife") spousal maintenance despite a finding that there was no credible evidence of Wife's medical condition and that it was error to award Wife more than 50% of the marital estate. Wife cross-appeals, arguing that Husband's notice of appeal was not timely filed.

We vacate and remand.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married on June 26, 1992. The parties have two children as a result of their marriage, who were eighteen and nineteen years of age at the time of the dissolution. Wife filed a petition for dissolution of marriage on December 16, 2011. After a failed attempt at mediation, the parties agreed to binding arbitration. The arbitration proceeding was held on March 4, 2013, and the arbitrator filed written findings and conclusions of law with the trial court on April 12, 2013. The trial court accepted the findings and entered them as the final Decree.

About ten years prior to the dissolution, Wife inherited money from her parents, and the money was placed in various joint accounts in both parties' names. When the parties separated, Wife withdrew at least $194,830.28 from those joint accounts. Wife attempted to secret away this money upon the separation of the parties until the time of the final arbitration. Because the fund had originated from her inheritance, Wife requested a deviation from the statutory presumption of an equal distribution of the personal property, which was denied in the Decree. *Appellant's App*. at 22.

Wife requested spousal maintenance due to alleged health issues and testified at arbitration to having a heart condition, asthma, and other health issues for which she was required to take prescription medications. It was found that there was no credible evidence presented by Wife to support her allegations of these conditions or that she had been prescribed medications for the conditions. *Id.* at 23. However, Husband was ordered to pay spousal maintenance in the form of continuing health care coverage for Wife for a period of 365 days from the date of the Decree, which was based on the disparity in the earning ability of the parties, the duration of the marriage, Wife's inability to support herself, and Wife's inability to obtain health insurance coverage for at least one year. *Id.* at 24.

At the time of the arbitration, the parties owed over $47,000.00 in credit card debt. Husband was ordered to be solely responsible for this debt. *Id.* at 19. Pursuant to the Decree, Husband was awarded:

> his pension with Mittal Steel (a pre-marital asset), his 2006 Chevrolet Avalanche vehicle, the Chase Checking Account, the joint Chase Account . . ., his Tech Credit Union Savings Account . . ., his Advance Credit Union Account, the Advance FCU Account balance, his Waddell & Reed Account, his Life Insurance Policy with State Farm and any cash value associated therewith, as well as fifty percent (50%) of his Retirement Pensions at American Steel and U.S. Steel.

*Id.* at 21. Wife was awarded:

> the 2001 Grand Marquis vehicle and the 2005 Chevy Trailblazer vehicle, the balance of any American Savings Account, the balance of any First Midwest Account, the balance of any First Midwest Account [(different account number)], any funds on deposit in the Citizen's Financial Bank accounts [(three separate account numbers)], as well as the balance of any funds on deposit with the First Financial Bank Account.

*Id.* Wife was also awarded 50% of Husband's pensions at American Steel and U.S. Steel. The values of these various accounts were not set forth in the Decree.

Husband filed a motion to correct error on May 1, 2012. Because a hearing on the motion to correct error was not scheduled within the required period of time, Husband's motion to correct error was deemed denied. Husband now appeals.

## DISCUSSION AND DECISION

Although Wife's brief does not characterize it as such, by raising the issue of the timeliness of Husband's notice of appeal, she has raised a cross-appeal. Because the issue of timeliness of the notice of appeal impacts this court's jurisdiction, we address this issue first. Wife contends that Husband's notice of appeal was untimely, and therefore, we are divested of jurisdiction over this appeal. Wife argues that Husband was not permitted to file a motion to correct error under the Family Law Arbitration Act and that his only avenue for relief from the arbitrator's award was to file a timely notice of appeal after the judgment was entered by the trial court. Because Husband's notice of appeal was not filed within thirty days of entry of the final judgment, Wife contends that it was not timely filed.

Under the Family Law Arbitration Act, an arbitrator "shall make findings of fact and conclusions of law." Ind. Code § 34-57-5-7(a). After the trial court has received a copy of the findings of fact and conclusions, the trial court shall enter judgment. I.C. § 34-57-5-7(d). "An appeal may be taken after the entry of judgment under section 7(d) . . . as may be taken after a judgment in a civil action." I.C. § 34-57-5-11. In a civil matter, an appeal must be initiated by the filing of a notice of appeal within thirty days of a final judgment or, if a motion to correct error is filed, within thirty days of when the motion is

4

ruled upon or deemed denied.  Ind. Appellate Rule 9(A)(1); *Bohlander v. Bohlander*, 875 N.E.2d 299, 300 (Ind. Ct. App. 2007), *trans. denied*.

Here, the arbitrator made the requisite findings of fact and conclusions of law, and the trial court entered judgment after receiving the findings and conclusions.  Husband then timely filed a motion to correct error within thirty days of the final judgment, and the motion was deemed denied forty-five days after it was filed because no hearing was set or ruling made on the motion.  Ind. Trial Rule 59(C); T.R. 53.3(A).  Husband filed his notice of appeal within thirty days after his motion to correct error was deemed denied.  App. R. 9(A)(1).

Under the Family Law Arbitration Act, an appeal may be taken after the entry of judgment as may be taken after a judgment in a civil action.  I.C. § 34-57-5-11.  Under Indiana Trial Rule 59, a motion to correct error is permitted to be filed in a civil action after the entry of final judgment, and under Indiana Appellate Rule 9(A)(1), an appeal may be initiated within thirty days of a motion to correct error being deemed denied.  Therefore, Indiana's appellate procedure and trial procedure allow for the filing of a motion to correct error in any civil action and the opportunity to appeal after the determination of the motion to correct error.  In the present case, Husband had the right to file a motion to correct error, and timely filed his notice of appeal after his motion was deemed denied.  We conclude that his notice of appeal was timely, and we have jurisdiction over this appeal.

We now turn to Husband's arguments on appeal.  Husband argues that it was error to award Wife spousal maintenance despite a finding that there was no credible evidence of Wife's medical condition.  He also claims that it was error to award Wife more than

50% of the marital estate because the money derived from Wife's inheritance that she withdrew from their joint accounts and attempted to hide after their separation was not considered as part of the marital estate. He further contends that it was error to award Wife more than 50% of the marital estate because the parties' joint credit card debt was not considered as part of the marital estate.

We find the findings and conclusions in this case to be facially inconsistent and insufficient to support the property distribution in the present case. Under the spousal maintenance section, the findings state that the arbitrator found that "there was no credible evidence presented by [Wife] in support of her allegations" of her claimed medical conditions and the medications she had been prescribed for such conditions. *Appellant's App*. at 23. However, contrary to this finding, spousal maintenance was ordered to Wife in the form of continuing health care coverage for the period of 365 days. We find these two findings to be facially inconsistent as a court is required to find that "a spouse is physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support herself is materially affected" in order to order spousal maintenance. *See* Ind. Code § 31-15-7-2(1).

Likewise, we find the findings and conclusions regarding the distribution of property to be facially inconsistent and insufficient to support the distribution of property. The findings state that Wife requested a deviation from a presumptive equal division of personal property and that such request was denied without explanation. The findings then state that, based on the totality of the circumstances, the division of the personal property outlined in the Decree was just and appropriate. *Appellant's App*. at 23. Nevertheless, the

6

findings do not contain any amounts or values associated with the items of personal property and accounts distributed to the parties or a final percentage allocation of the property. In a later-filed verified statement of the evidence, the arbitrator included "a complete breakdown of the marital estate" including the amounts assigned to the accounts and items of property distributed between the parties. *Id*. at 135. However, several of the accounts listed in Wife's distribution in the Decree are not listed in this clarification and some of the accounts listed in the clarification are not listed in the distribution contained in the Decree.[1] *Id*. at 21, 138. The arbitrator's clarification also indicated that the distribution of property resulted in 61% to Wife and 39% to Husband, which is inconsistent with the finding that Wife's request for a deviation from the presumptive equal division was denied.

Based on the stated inconsistencies and lack of information, we are unable to conduct a proper review of the property distribution and the grant of spousal maintenance in the present case. We, therefore, vacate the trial court's judgment and remand for proceedings to remedy these problems and determine the issues of spousal maintenance and distribution of the marital estate.

Vacated and remanded.

FRIEDLANDER, J., and BAILEY, J., concur.

---

[1] In Wife's distribution in the Decree, she was awarded three separate Citizen's Financial Bank accounts, which are not listed in this "complete breakdown." *Appellant's App*. at 21, 138. Likewise, there are two First Financial Bank accounts listed on the arbitrator's breakdown that are not listed in the distribution in the Decree. *Id*. at 21, 138.