ATTORNEYS FOR APPELLANT
Michael A. Setlak
Perry D. Shilts
Shilts Law Office
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Michael H. Michmerhuizen
Barrett & McNagny LLP
Fort Wayne, Indiana

Cornelius B. Hayes
Hayes & Hayes
Fort Wayne, Indiana

# In the
# Indiana Supreme Court

No. 02S04-1504-DR-156

ROBERT A. MASTERS,                                    *Appellant/Cross-Appellee,*

v.

LEAH MASTERS,                                         *Appellee/Cross-Appellant.*

Appeal from the Allen Superior Court, No. 02D07-1204-DR-261
The Honorable Charles F. Pratt, Judge,
Linda Chrzan, Arbitrator

On Transfer from the Indiana Court of Appeals, No. 02A04-1404-DR-178

**October 16, 2015**

**Dickson, Justice.**

This appeal challenges an award of attorney's fees in a dissolution of marriage case by a family law arbitrator under the Family Law Arbitration Act. We affirm the fee award.

The parties were married in 1993 and are the parents of one child, a daughter, born in January 2007. Dissolution proceedings began in 2012, and a year later, the parties signed an agreement to arbitrate under the Family Law Arbitration Act (FLAA). *See* Ind. Code § 34-57-5-1 *et seq.* The FLAA permits parties in a dissolution of marriage action to resolve their disputes

through arbitration rather than in a trial before a trial judge. The FLAA details the role and duties of the family law arbitrator in such arbitration.

The family law arbitrator's findings of fact in this case are undisputed. Noting that this had "been a very contentious divorce," Appellant's App'x at 22, the family law arbitrator entered extensive findings of fact regarding the legal and primary physical custody of the parties' daughter, parenting time, child support, parochial school expenses, healthcare expenses for their daughter, dependency exemptions for tax purposes of the husband and the wife, spousal maintenance for the wife, rehabilitative maintenance for the wife, division of marital property, and the allocation of attorney's fees and litigation expenses.[1] The family law arbitrator then entered conclusions of law that in summary provided for: the marriage to be dissolved, sole legal and primary physical custody to be granted to the wife, parenting time to be granted to the husband, the husband to pay certain child support obligations, the wife to receive 60% of the assets and the husband to receive 40% of the assets, the husband to replenish $51,000 in the parties' bank accounts, the wife to be awarded an equalization judgment against the husband for $23,965.05 with an interest rate of 8% until paid in full, the husband to pay certain spousal maintenance costs, the husband to pay $95,000 of the wife's attorney's fees, and the wife to be denied rehabilitative maintenance. The family law arbitrator's decision was submitted to the trial court, which entered judgment thereon in accordance with Indiana Code section 34-57-5-7(d)(1).

The husband appealed only the arbitrator's attorney fee award. In his appeal, the husband presents what he identifies as a single issue: that the arbitrator's order requiring the husband to immediately pay $95,000 toward the wife's attorney's fees was "clearly against the logic and effect of the facts and circumstances of the case." Appellant's Br. at 1. In the argument section of his brief, the husband further asserts that the rationale was inconsistent with the arbitrator's find-

---

[1] These findings of fact are relevant for the resolution of this case, but a more comprehensive list may be found in the opinion of the Court of Appeals. *See* Masters v. Masters, 20 N.E.3d 158, 160–63 (Ind. Ct. App. 2014).

ings. The wife argues to the contrary in her response and also cross-appeals regarding other issues.[2] The Court of Appeals reversed and remanded the order awarding attorney's fees, finding the order clearly erroneous. Masters v. Masters, 20 N.E.3d 158, 165 (Ind. Ct. App. 2014). We granted the wife's petition to transfer the appeal to this Court.[3]

## 1. Appellate Review of a Family Law Arbitration Award

To support his argument for reversal of the attorney fee award, the husband argues that the proper standard of review of a family law arbitrator's decision is the same standard currently used to review trial court decisions regarding attorney's fees. Under this standard, he argues that the family law arbitrator's decision ought to be vacated entirely or remanded to the trial court with instructions to receive "evidence and/or argument on the issue of whether an attorney fee award should be entered and, if so, in what reasonable amount." Appellant's Br. at 24. In response, the wife acknowledges that support arguably exists for such standard but she contends that "the proper standard of review has not been conclusively resolved." Appellee's Br. at 7. She asserts that the purposes of the FLAA would be better served by a more deferential standard of review similar to the narrow review of an arbitrator's decision afforded by the Uniform Arbitration Act (UAA). *See* Ind. Code § 34-57-2-1 *et seq.* But she alternatively argues that, even under the standard of appellate review for a trial court decision regarding attorney's fees, the arbitration award in this case should be affirmed.

The FLAA expressly authorizes family law arbitrators to award attorney's fees in dissolution cases. Ind. Code § 34-57-5-12(b). It also provides that "[a]n appeal may be taken after the entry of judgment under section 7(d) of this chapter *as may be taken* after a judgment in a civil action." Ind. Code § 34-57-5-11 (emphasis added). Section 7 directs the arbitrator to send a

---

[2] The issues raised by the wife on cross-appeal related to the husband's relocation and associated transportation expenses. The Court of Appeals declined to reverse on these issues, and the wife does not seek transfer thereon. As to these cross-appeal issues, we summarily affirm the Court of Appeals. Ind. Appellate Rule 58(A).

[3] When transfer is granted, the opinion of the Court of Appeals is automatically vacated except for opinions or portions thereof that are either summarily affirmed or expressly adopted and incorporated by reference. *Id*.

copy of the written findings of fact and conclusions of law to "the court," which upon receipt "shall enter: (1) judgment; and (2) an order for an entry on the docket regarding the judgment." Ind. Code § 34-57-5-7. The FLAA contains no other provision specifying the nature and scope of appellate review to be applied to an arbitration award.

In contrast, for cases submitted to arbitration under the Uniform Arbitration Act (UAA), review of the arbitration award by a trial court and an appeal therefrom is expressly provided. *See* Ind. Code § 34-57-2-14 and Ind. Code § 34-57-2-19. But, such review is explicitly limited to modification or correction on the following grounds:

> (1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award; (2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (3) the award is imperfect in a matter of form, not affecting the merits of the controversy.

Ind. Code § 34-57-2-14(a). In addition, analogous to the FLAA, the UAA includes language providing that an appeal is to be taken "*in the manner and to the same extent* as from orders or judgments in a civil action." Ind. Code §34-57-2-19 (emphasis added). *Cf.* Ind. Code § 34-57-5-11 (allowing appeal "as may be taken after judgment in a civil action."). But the FLAA does not expressly prescribe a narrow, deferential review of arbitration awards as does the UAA. The wife invites this Court to import the narrow and deferential review of the UAA when determining the nature and scope of appellate review under the FLAA.

Without directly addressing this issue, the Court of Appeals has applied the standard of review for trial court dissolution decisions to the review of FLAA arbitration awards. In Ozug v. Ozug, the Court of Appeals vacated and remanded the family law arbitrator's order after determining that the findings of fact and conclusions of law in that case were "insufficient to support" an order of spousal maintenance under Indiana Code section 31-15-7-2(1) and "insufficient to support" a deviation from the presumptive equal distribution of private property under Indiana Code section 31-15-7-5. 4 N.E.3d 827, 830 (Ind. Ct. App. 2014), *trans. not sought*. Essentially, the Court of Appeals in Ozug performed appellate review of a family law arbitrator's decisions on spousal maintenance and division of personal property in a dissolution of marriage proceeding by determining if the family law arbitrator's decisions would have been sufficient to satisfy the standards a trial court must consider in a civil action for spousal maintenance and division of

4

personal property in a dissolution of marriage proceeding. Finding that the family law arbitrator's findings of fact and conclusions of law, had they been determined by a trial court in a civil action of similar circumstances, were unable to support either an award of spousal maintenance or the decision to deviate from the presumptive split of personal property, the Court of Appeals vacated the judgment and remanded the case. *Id*. at 830–31. Likewise, in <u>J.M. v. N.M.</u> the Court of Appeals evaluated the family law arbitrator's award of parenting time, division of marital assets, and award of attorney's fees as if the family law arbitrator's decision had been made by a trial court in a civil action and upheld the family law arbitrator's findings and conclusions. 844 N.E.2d 590, 599, 602-04 (Ind. Ct. App. 2006), *trans. denied*.

Under the FLAA, the decisional powers of an arbitrator are essentially coextensive with those of a trial judge in a dissolution action. The FLAA provides:

> In a dissolution of marriage case, the written agreement to submit to arbitration must state that both parties confer jurisdiction on the family law arbitrator to dissolve the marriage and to determine: (1) child support . . . (2) custody . . . (3) parenting time . . . or (4) *any other matter over which a trial court would have jurisdiction concerning family law*.

Ind. Code § 34-57-5-2(e) (emphasis added). Additionally, the FLAA directs that a "family law arbitrator shall make written findings of fact and conclusions of law[,] . . . . shall send a copy of the written findings of fact and conclusions of law to . . . the [trial] court[,] . . . . [and] [a]fter the court has received a copy of the findings of fact and conclusions of law, the court shall enter . . . judgment. . . ." Ind. Code § 34-57-5-7. Like a trial court in a civil action for dissolution of marriage, a "family law arbitrator shall: divide the property of the parties . . . in a just and reasonable manner . . . . [And] [t]he division of marital property . . . must comply with IC 31-15-7-5."[4] Ind. Code § 34-57-5-8. The arbitrator also may order one party to pay the attorney's fees of the other party. Ind. Code §34-57-5-12. Further, the FLAA expressly limits the scope of its application to family law arbitrations: "This chapter is applicable only to the family law matters described in section 2 of this chapter and does not apply to any other type of arbitration." Ind. Code § 34-57-5-1(a). But, as to the nature and scope of appellate review, the FLAA's statutory language is not free from ambiguity. The phrase "*as may be taken* after a judgment in a civil action," Ind. Code § 34-57-5-11 (emphasis added), can be read to prescribe merely the procedure to be followed, to

---

[4] Indiana Code section 31-15-7-5 governs the trial court's division of marital property in marriage dissolution cases.

specify the nature and scope of appellate review, or to apply to both procedure and type of review.

The fact that the arbitrator under the FLAA performs essentially the same function as a trial judge in a marriage dissolution case strongly favors application of the same standard of appellate review to both trial court decisions and arbitration awards. This is especially true in the absence of the legislature's choice not to include in the FLAA the narrow, deferential standard of review it included in Indiana's adoption of the UAA in 1970.[5] Furthermore, unlike the FLAA, the UAA does not require the arbitrator to make written findings of fact and conclusions of law.[6] And, while there may be some ambiguity in the FLAA's provision authorizing an appeal, the phrase "as may be taken after a judgment in a civil action" is consistent with parallel standards of appellate review for FLAA awards and trial court dissolution judgments. For these reasons, we hold that, in the appellate consideration of an FLAA award, the proper standard of review is not the narrow, highly deferential standard prescribed by the UAA but rather the same standard of appellate review that applies to the review of trial court decisions in marriage dissolution cases.

### 2. Applying the Standard of Appellate Review to the Facts of this Case

When a trial court dissolution decree—or here, a family law arbitration award—is accompanied by findings of fact, "the court on appeal shall not set aside the findings or judgment

---

[5] The National Conference of Commissioners on Uniform State Laws drafted the Uniform Arbitration Act in 1954, and it was approved by the American Bar Association in 1955. John R. Van Winkle, *An Analysis of the Arbitration Rule of the Indiana Rules of Alternative Dispute Resolution*, 27 IND. L. REV. 735, 739 (1994). The Indiana General Assembly adopted the act in 1970 (with some revisions), and it was originally found at Ind. Code § 34-4-2-1 *et seq. Id.* In 1998, the General Assembly moved Indiana's Uniform Arbitration Act to Indiana Code section 34-57-2-1 *et seq.*, where it remains today. Indiana's UAA promotes the legitimacy of arbitration as a means of alternative dispute resolution in Indiana by ensuring that arbitration clause agreements between contracting parties are valid and enforceable in Indiana courts "except upon such grounds as exist at law or in equity for revocation of any contract." Ind. Code § 34-57-2-1. *See* Sch. City of East Chicago, Ind. v. East Chicago Fed. of Teachers, Local No. 511, 622 N.E.2d 166, 168 (Ind. 1993) (explaining that the purpose of Indiana's UAA is to provide an enforcement mechanism for agreements to arbitrate and stating that judicial review of such an arbitration award "is extremely narrow in scope").

[6] The UAA requires only that an arbitration award "must include a determination of all the questions submitted to the arbitrators, the decision of which is necessary in order to determine the controversy." Ind. Code § 34-57-2-9(a).

6

unless clearly erroneous, and due regard shall be given to the opportunity of the trial court [or family law arbitrator] to judge the credibility of the witnesses." Ind. Tr. Rule 52(A). In Quillen v. Quillen, we applied this "clearly erroneous" standard to the review of a trial court's award of attorney's fees in a dissolution of marriage proceeding. 671 N.E.2d 98, 102 (Ind. 1996). In reviewing findings of fact and conclusions of law, an appellate court applies "a two-tiered standard of review by first determining whether the evidence supports the findings and then whether the findings support the judgment." Weigel v. Weigel, 24 N.E.3d 1007, 1010 (Ind. Ct. App. 2015), *trans. not sought*. In the present case, the husband's challenge is based on the second prong—asserting that the findings do not support the judgment, that is, the family law arbitration award. In evaluating whether the findings support the judgment (or award), we will reverse "only upon a showing of 'clear error'—that which leaves us with a definite and firm conviction that a mistake has been made." Egly v. Blackford Cnty. Dep't of Pub. Welfare, 592 N.E.2d 1232, 1235 (Ind. 1992). "[T]he reviewing court may affirm the judgment on any legal theory supported by the findings." Mitchell v. Mitchell, 695 N.E.2d 920, 923 (Ind. 1998).

The husband challenges the arbitrator's award requiring that he immediately reimburse $95,000 of the wife's attorney's fees. To support his general claim that the arbitration attorney fee award was against the logic and effect of the facts and circumstances of the case, the husband argues that in light of his share of the property division, it was impossible for him to pay the ordered fees, that the arbitrator's rationale for the fee award was inconsistent with the wife's income and the support and school expenses imposed on the husband, and that there was "no legitimate basis" for the "incredibly large" attorney fee award. Appellant's Br. at 10.

Like a family law trial court,[7] a family law arbitrator enjoys broad discretion in awarding attorney's fees and may consider a variety of factors.[8] In addition, the trial court (or family law

---

[7] The FLAA authorizes the family law arbitrator to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending the proceeding and attorney's fees. Ind. Code § 34-57-5-12. This provision is almost identical to the analogous provision authorizing trial courts to order attorney's fees in dissolution actions. Ind. Code § 31-15-10-1.

[8] A trial court is statutorily authorized to "order a party to pay a *reasonable amount* for the cost to the other party of maintaining or defending" dissolution proceedings, including "attorney's fees and mediation services . . . ." Ind. Code § 31-15-10-1(a) (emphasis added). But there is no statutory directive as to what factors must be considered in determining such reasonable amount. While emphasizing that these attor-

arbitrator) has the benefit of personally perceiving and weighing the testimony and determining witness credibility. Further, the trial judge (or family law arbitrator) "possesses personal expertise that he or she may use when determining reasonable attorney's fees." Mason v. Mason, 775 N.E.2d 706, 711 (Ind. Ct. App. 2002) (citing Bower v. Bower, 697 N.E.2d 110, 115 (Ind. Ct. App. 1998) *trans. not sought*), *trans. denied*.

The arbitrator's conclusions, findings, and award comprised twenty-seven pages of single-spaced paragraphs extensively addressing various factors. The arbitrator determined the value of the marital estate, its division, and the economic circumstances of each of the parties; the relative education of each of the parties, their job opportunities, and their actual incomes as well as their potential incomes; the behavior of the parties, their level of cooperation in this case, and how attorney's fees were incurred and funded by each of the parties; and various aspects of the education and support of the parties' daughter. The husband does not argue that the family law arbitrator made improper findings of fact. Rather, his challenge is directed to the amount of the award as compared to his ability to pay. He also contends that the arbitration award contradicts the arbitrator's own findings, specifically that the arbitrator failed to appropriately consider the wife's potential income and the resulting ratio of the parties' relative incomes; that the wife received $50,000 more than the husband in the property division; that the wife's attorney's fees were paid by the wife's parents and the potential forgiveness of the resulting promissory notes from the wife to her parents; and that the wife's attorney's fees were triple his own[9] and were "undeserved given the results of the case." Appellant's Br. at 17.

---

ney's fees orders are subject to the broad discretion of the trial court, various Indiana appellate cases provide guidance for such determinations. The resources of the parties, their relative economic circumstances, and their ability to engage in gainful employment and earn adequate income must be considered. *See* Cowart v. White, 711 N.E.2d 523, 529 (Ind. 1999); Weigel, 24 N.E.3d at 1012; Troyer v. Troyer, 987 N.E.2d 1130, 1142-1143 (Ind. Ct. App. 2013), *trans. denied*; Connolly v. Connolly, 952 N.E.2d 203, 208 (Ind. Ct. App. 2011), *trans. not sought*. This list is not exclusive, and other factors bearing on reasonableness may also be considered, for example, which party initiated the action, whether fees and expenses were incurred due to a party's misconduct, and the ability of a party to pay. *See* Selke v. Selke, 600 N.E.2d 100, 102 (Ind. 1992); Carrasco v. Grubb, 824 N.E.2d 705, 712 (Ind. Ct. App. 2005), *trans. denied*.

[9] The husband's efforts to paint the wife's attorney's fees as triple his fees is significantly undermined by findings of fact that (a) the husband received legal services at a reduced rate through his employer's benefits plan; (b) the husband had initially told the wife that she could receive "free legal services" from the

8

The crux of the husband's argument compares his $95,000 attorney's fee award obligation against his share of the marital estate, "approximately $94,000 . . . plus forty percent of some un-valued coins." *Id*. In making this claim, the husband relies on the fact that the family law arbitrator did not expressly assign a particular value to the parties' extensive coin collection. To the contrary, we find that the sizeable coin collection and its disposition is highly relevant to our review. The family law arbitrator recognized the coins in her findings and stated that "[t]hroughout the marriage, Husband invested income earned during the marriage in numismatic and ancient coins . . . . believ[ing] that the investment was a good retirement investment strategy." Appellant's App'x at 34 (Findings of Fact 136, 137). The arbitrator then noted that the wife had hired an appraiser who valued the gold and silver coins at $242,954.55 and that husband had hired an appraiser who valued the ancient coins at $60,635.00. Appellant's App'x at 34–35 (Findings of Fact 135–39); Appellee's App'x at 37, 41. Based on those findings, the family law arbitrator then ordered "that the gold and silver coins be divided by [wife's appraiser] and the [ancient] coins be divided by [husband's appraiser]. . . . Husband shall receive forty percent (40%) of the divided coins and Wife shall receive the remaining sixty percent (60%) thereof." Appellant's App'x at 35 (Findings of Fact 149–51). These findings clearly imply that the aggregate value of the gold and silver coins, and the ancient coins, totaled $303,589.55, of which the husband's 40% share would be worth $121,435.82. Combining his coin collection share with the additional admitted $94,000 share of the marital estate, the husband received more than $215,000.

The husband's resulting property share dramatically alters the husband's basic argument. Instead of comparing his obligation to pay $95,000 toward the wife's attorney's fees to a net marital share of $94,000, the fee award must be compared to the husband's receipt of over $215,000 in marital property. This fact renders unavailing all of the husband's arguments. Seen in this light, the arbitrator's attorney fee award is not against the logic and effect of the facts and circum-

---

same plan but she actually had to secure her own independent counsel; (c) the first $12,000 of the husband's attorney's fees were paid by such plan; and (d) the plan provided the husband with attorney's fees at a rate "one and one half (1 ½) times less than the standard rate in the legal community." Appellant's App'x at 36 (Findings of Fact 155–61).

stances of the case.  "We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment."  Yoon v. Yoon, 711 N.E.2d 1265, 1268 (Ind. 1999).  Our recalculation of the husband's share of the marital property provides a legal theory supported by the findings, thus warranting our affirmance of the trial court judgment.  Mitchell, 695 N.E.2d at 923.  We conclude that the award of attorney's fees in this case is supported by the findings, and that the husband has failed to show clear error that leaves us with a definite and firm conviction that a mistake has been made.

## Conclusion

In the appellate review of an award under the Family Law Arbitration Act, the proper standard of review is not the narrow, highly deferential standard prescribed by the Uniform Arbitration Act but rather the same standard of appellate review that applies to trial court decisions in marriage dissolution cases with entered findings of fact and conclusions of law—the clearly erroneous standard prescribed by Indiana Trial Rule 52(A).  In this case, the family law arbitrator's award satisfies that standard.  The husband has failed to establish that the award of attorney's fees is not supported by the arbitrator's findings.  We are not persuaded to a firm conviction that a mistake has been made, which is required for clear error.  The attorney's fees award is not clearly erroneous and the judgment entering the arbitration award is hereby affirmed.

Rush, C.J., and Rucker, David, and Massa, JJ., concur.

10