## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 02 2018, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Kyle L. Hankins
Gloria J. Danielson
Danielson & Hankins, LLP
Fortville, Indiana

ATTORNEYS FOR APPELLEES –
ANONYMOUS, M.D. AND
ANONYMOUS ORGANIZATION,
INC. D/B/A ANONYMOUS
OB/GYN, LLC

George M. Plews
Tonya J. Bond
Josh S. Tatum
Plews Shadley Racher & Braun
LLP
Indianapolis, Indiana

Lara D. Engelking
Engelking Law Group, LLC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mary Adamowicz, individually and in her capacity as guardian for Lilly Adamowicz and Lilly Adamowicz, by next friend Mary Adamowicz,

*Appellants-Petitioners,*

v.

October 2, 2018

Court of Appeals Case No.
18A-MI-742

Appeal from the Bartholomew
Circuit Court

The Honorable Kelly S. Benjamin,
Judge

Trial Court Cause No.
03C01-1707-MI-4106

Anonymous, M.D. and
Anonymous Organization, Inc.
d/b/a Anonymous OB/GYN,
LLC,

*Appellees-Petitioners,*

v.

Anonymous Hospital d/b/a
Anonymous Hospital,

*Defendant,*

v.

Stephen W. Robertson, in his
capacity as Acting
Commissioner of the Indiana
Department of Insurance,

*Third-Party Respondent.*

**Najam, Judge.**

# Statement of the Case

[1] Mary Adamowicz, individually and on behalf of her minor daughter Lilly, appeals the trial court's order that she pay attorneys' fees to Anonymous, M.D. and Anonymous Organization, Inc. d/b/a Anonymous OB/GYN, LLC (collectively, "Provider") following Adamowicz's noncompliance with Provider's discovery requests while she had a proposed medical-malpractice

complaint pending before a medical review panel.[1]  Adamowicz raises two issues for our review, but we need only decide the following issue:  whether we are required to affirm the trial court's judgment in light of Adamowicz's failure to timely object to Provider's allegedly objectionable discovery requests.  We conclude that, because Adamowicz did not timely seek a protective order in accordance with our Trial Rules, we cannot say that the trial court's judgment for Provider is erroneous.  Thus, we affirm.[2]

## Facts and Procedural History

[2]  In October of 2016, Adamowicz filed her proposed complaint for damages against Provider with the Indiana Department of Insurance.  According to Adamowicz's proposed complaint, Provider committed medical malpractice during Lilly's birth.  The proposed complaint further alleged that, as a result of Provider's alleged malpractice, Lilly will require special care for the rest of her life.

[3]  On November 3, Provider propounded twenty-seven interrogatories, not counting subparts, on Adamowicz.  Provider also made eighteen requests for production.  However, although Adamowicz amended her proposed complaint after she had received the Provider's discovery requests, she did not respond to those discovery requests.  On March 22, 2017, Provider additionally requested

---

[1] Anonymous Hospital and Stephen W. Robertson, in his official capacity as Acting Commissioner of the Indiana Department of Insurance, do not participate in this appeal.

[2] We decline Provider's request for appellate attorneys' fees.

Adamowicz's authorization to release medical records to Provider. But Adamowicz continued to disregard Provider's requests.

[4] On May 31, Provider contacted Adamowicz about the pending discovery requests. Adamowicz responded one week later with a partial response to Provider's interrogatories. However, Adamowicz objected to the remainder of Provider's discovery requests as "not relevant" to a medical-malpractice action.[3] Appellants' App. Vol. 2 at 54. For the same reasons, Adamowicz refused to respond to the requests for production and also refused to authorize the release of medical records. Nonetheless, Adamowicz did offer to comply with all of Provider's discovery requests if Provider agreed to "waive the panel process . . . ." *Id.* at 59. Provider did not accept that offer.

[5] After Adamowicz continued to not fully comply with Provider's discovery requests, Provider filed a motion to compel in the trial court. The court held a hearing on the motion, after which it ordered Adamowicz to respond to the discovery requests listed above. The court further ordered Adamowicz to pay Provider's attorneys' fees relating to the motion to compel. The court set a subsequent hearing to determine a reasonable amount for those fees. While

---

[3] Adamowicz also complained that Provider had served the discovery requests by mail only and not also electronically, as required by Indiana Trial Rule 26(A.1). But, while Adamowicz mentioned that argument in passing in the trial court and does so again on appeal, there is no dispute that Provider responded to Adamowicz's original protest by emailing her the discovery requests. *See* Appellants' App. at 62; Appellants' Br. at 8. Provider's email was more than one month before Provider filed the motion to compel, and, as explained below, Adamowicz did not respond to the properly served discovery requests by seeking a protective order.

that hearing on fees was pending, rather than comply with the order on the motion to compel Adamowicz instead withdrew her proposed complaint, rendering moot her need to comply with the trial court's order.

[6]     Thereafter, the court held an evidentiary hearing on fees, after which it found as follows:

> [Adamowicz] had failed to respond to [Provider's] Interrogatories and Requests for Production of Documents for over four months. [Provider's] attorney then sent [Adamowicz's] attorney a letter inquiring about discovery and enclosing additional medical authorizations. There was no response. [Provider's] attorney then sent another letter two months later again inquiring about the past due discovery and medical authorizations. Within the next week, [Adamowicz's] attorney then responded, partially responding to some Interrogatories but refusing to fully respond to discovery requests, refusing to sign medical authorizations and failing to identify specific medical providers of [Mary and Lilly]. [Provider's] attorney, two weeks later, again asked [Adamowicz's] attorney to supplement discovery responses. After numerous inquiries over several months, [Adamowicz] failed to proper[l]y respond and specifically objected to authorization for records of health care providers in a medical malpractice issue. [Adamowicz's] attorney believed the discovery requests exceeded the requirements of a Medical Review Panel Proceeding . . . and refused to answer. [Adamowicz] did not ask for an extension of time to answer discovery or move the court for a protection order; [she] did not answer because of the belief [she was] not required to under the proceedings and issues. Some of the discovery requests were never answered. The court does not find that the refusal and/or objection to answer discovery as requested and as ordered was substantially justified. Nor does the court find there are other circumstances that make an award of expenses unjust.

Appellants' App. Vol. 2 at 14.  The court then ordered Adamowicz to pay $17,413.27 to Provider in attorneys' fees.[4]  This appeal ensued.

## Discussion and Decision

Adamowicz argues on appeal that the trial court erred when it ordered her to pay Provider's attorneys' fees.  The court's judgment followed an evidentiary hearing at which the court heard witness testimony, and the court's judgment includes findings of fact and conclusions thereon.  Our "usual review" of such judgments is under the clearly erroneous standard.  *Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1206 n.6 (Ind. Ct. App 2014), *trans. denied*; *see, e.g.*, *Masters v. Masters*, 43 N.E.3d 570, 575 (Ind. 2015).

As the Indiana Supreme Court has explained, under the clearly erroneous standard we apply "a two-tiered standard of review by first determining whether the evidence supports the findings and then whether the findings support the judgment."  *Masters*, 43 N.E.3d at 575 (quotation marks omitted).  "[D]ue regard shall be given to the opportunity of the trial court . . . to judge the credibility of the witnesses."  *Id.*  "[W]e will reverse only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made."  *Id.* (quotation marks omitted).  However, we review

---

[4] Adamowicz does not dispute the reasonableness of the amount of fees on appeal.

the trial court's conclusions on questions of law *de novo*.  *Gertiser v. Stokes (In re Marriage of Gertiser)*, 45 N.E.3d 363, 369 (Ind. 2015).

[10]    The trial court held its hearing on fees pursuant to Indiana Trial Rule 37(A)(4). According to that Rule, the trial court

> *shall*, after opportunity for hearing, require the party . . . whose conduct necessitated the motion [to compel] . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Ind. Trial Rule 37(A)(4) (emphasis added).

[11]    On appeal, Adamowicz argues that she was substantially justified to oppose Provider's discovery requests as listed above, and, as such, the trial court erred under Trial Rule 37(A)(4) when it awarded attorneys' fees to Provider.  In particular, Adamowicz argues that Provider's discovery requests were not relevant requests under Indiana's Medical Malpractice Act, Ind. Code §§ 34-18-0.5-1 to -18-2 (2018) ("the Act").[5]  She additionally argues that her opposition to Provider's discovery requests was substantially justified based on certain evidence she presented to the trial court at the hearing on fees.

---

[5]  In her brief on appeal, Adamowicz repeatedly cites the 1998 version of the Indiana Code rather than the current version of the Code.  *See* App. R. 22.  The 2018 version of the Indiana Code is freely available online at http://iga.in.gov/legislative/laws/2018/ic/titles/001.

[12] However, we need not consider those arguments on appeal because Adamowicz did not timely object to the scope of Provider's discovery requests pursuant to our Trial Rules. *See* T.R. 37(D); *see also* I.C. § 34-18-11-1(a)(2) (stating that the trial court had jurisdiction over the motion to compel discovery "in accordance with the Indiana Rules of Procedure"). In particular, Trial Rule 37(D) prohibits a party who opposes a discovery request from being excused from compliance "on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by [Trial] Rule 26(C)." There is no dispute that Adamowicz never applied for a protective order under Rule 26(C). Accordingly, pursuant to Rule 37(D), she did not preserve her objections to Provider's discovery requests. Having not preserved her objections, we cannot say that the trial court erred when it concluded that her failure to comply with Provider's discovery requests was not substantially justified. Thus, we affirm the trial court's judgment.

[13] Affirmed.

Crone, J., and Pyle, J., concur.