## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2018, 7:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Bryan J. Dillon
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew R. Potter, <br> *Appellant-Respondent,* <br><br> v. <br><br> Kara A. Potter, <br> *Appellee-Petitioner.* | November 29, 2018 <br><br> Court of Appeals Case No. 18A-DC-1541 <br><br> Appeal from the Floyd Circuit Court <br><br> The Honorable Richard G. Striegel, Senior Judge <br><br> Trial Court Cause No. 22C01-1707-DC-391 |

**Najam, Judge.**

# Statement of the Case

Matthew R. Potter ("Father") appeals the trial court's order clarifying its prior order regarding health insurance coverage for M.P., Father's child with Kara Potter ("Mother"). Father raises two issues for our review:

1. Whether the trial court erred when it ordered that M.P. is to be insured under Medicaid.

2. Whether the trial court erred when it ordered Father to pay Mother's attorney's fees.

We affirm.

# Facts and Procedural History

Father and Mother were married and have one child together, M.P., who has a severe neurological disorder. Following the dissolution of their marriage in 2014, Father remarried. In an order dated January 7, 2016, the trial court approved the parties' settlement agreement, which provided in relevant part that Father would provide health insurance for M.P. "through his wife," Sharlae, who had insurance coverage through her employer. Appellant's App. Vol. II at 54. Accordingly, Father and Sharlae provided health insurance coverage for M.P. on their family's insurance policy with Tricare.

Following a dispute between Father and Mother regarding parenting time, Father emailed Mother in December 2017 and advised her that Sharlae "plan[ned] to remove [M.P.] from *her* insurance (TRICARE)" effective January 1, 2018. *Id.* at 191 (emphasis in original). Father asked Mother whether M.P.

would be covered under Medicaid. Mother did not respond to Father's emails. But on December 20, Father and Mother entered into an agreed entry whereby Father would no longer provide health insurance for M.P.

[5] Both before and after January 1, 2018, Mother called Tricare to confirm that M.P. had been terminated from coverage, but Mother was told that M.P. was still covered under Sharlae's Tricare policy. However, on January 24, a representative from one of M.P.'s health care providers called Mother and told her that M.P. could no longer receive health care at that office because of a problem with M.P.'s insurance coverage. Mother asked Father about this, and Father told Mother that M.P. was no longer insured under Sharlae's policy with Tricare. Accordingly, Mother called Medicaid to get M.P. covered, and Mother had to cancel some of M.P.'s standing appointments for allergy shots in the meantime.

[6] On February 7, Mother filed with the trial court a petition to modify the court's order regarding health insurance for M.P. On or about that same date, Sharlae re-enrolled M.P. in her insurance policy with Tricare. Following a hearing on Mother's petition on February 21, the trial court ordered in relevant part that "Indiana Medicaid which Mother receives shall provide [M.P.]'s health, dental, and vision insurance." *Id.* at 210.

[7] Despite that order, in March 2018, M.P. was enrolled in Tricare yet again. Accordingly, Mother submitted a request for production of documents to Tricare to determine dates of coverage for M.P. and other information

regarding her enrollment and disenrollment from that coverage.  Father filed a motion to quash Mother's request for production to Tricare.  Mother filed an objection to Father's motion to quash and asked the trial court to schedule a hearing.  In her objection, Mother alleged that Father's motion to quash was "groundless and frivolous" and that Father "should be subject to sanctions by [the trial court] including reimbursing [Mother] her attorney fees incurred in filing this Motion." *Id.* at 228.

[8]     Following a hearing on Father's motion to quash on June 4, 2018, the trial court entered an order stating in relevant part as follows:

> 1.  The parties stipulated and agreed on record that this Court should address an issue in dispute from the Entry of February 21, 2018[,] as to whether [M.P.] could be covered by Tricare during Father's parenting time.  This Court reiterates that the Respondent and his wife were instructed on the record on February 21, 2018[,] that [M.P.] was not to be covered by Tricare.  Nevertheless, [M.P.] was re-enrolled in Tricare by Father's wife after the February 21, 2018[,] hearing.
>
> 2.  The Court hereby ORDERS that the parties' child, [M.P.] (dob 9/**/2008), shall not be covered by Tricare insurance.
>
> 3.  Respondent/Father is hereby ordered to pay Petitioner/Mother's attorney fees and transcript costs incurred since February 21, 2018[,] to address the Tricare issues in the amount of $1,625.00, which shall be paid by Respondent to Petitioner within 90 days.

*Id.* at 10.  This appeal ensued.

# Discussion and Decision

## *Issue One: Health Insurance*

[9] Father contends that the trial court erred when it ordered that M.P. is "not to be covered by Tricare." *Id.* The court's order followed an evidentiary hearing at which the court heard witness testimony, and the court's order includes findings of fact and conclusions thereon. Thus, we review the court's order under the clearly erroneous standard. *See Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1206 n.6 (Ind. Ct. App 2014), *trans. denied*; *see, e.g.*, *Masters v. Masters*, 43 N.E.3d 570, 575 (Ind. 2015).

[10] As the Indiana Supreme Court has explained, under the clearly erroneous standard we apply "a two-tiered standard of review by first determining whether the evidence supports the findings and then whether the findings support the judgment." *Masters*, 43 N.E.3d at 575 (quotation marks omitted). "[D]ue regard shall be given to the opportunity of the trial court . . . to judge the credibility of the witnesses." *Id.* "[W]e will reverse only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks omitted). Additionally, we "'give considerable deference to the findings of the trial court in family law matters. . . .'" *Stone v. Stone*, 991 N.E.2d 992, 999 (Ind. Ct. App. 2013) (quoting *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005)).

[11] Father maintains that "[t]he trial court should not have the power to completely forbid the use of a particular health insurance provider when it is readily

available to the stepmother, a non-party to this action." Appellant's Br. at 9. Father suggests that the trial court's order is a nullity because the court "generally does not have the power to affect the rights of nonparties." *Id.* (citing *Sovern v. Sovern*, 535 N.E.2d 563, 566 (Ind. Ct. App. 1989)). And Father asserts that the trial court should have considered the possibility that "M.P. can be enrolled and disenrolled in Tricare in a manner that does not jeopardize her Indiana Medicaid coverage" and that such an arrangement would "only . . . benefit" M.P. *Id.* at 10.

[12] Indiana Child Support Guideline 7 provides in relevant part that

> [t]he court shall order one or both parents to provide health insurance when accessible to the child at a reasonable cost. Health insurance may be public, for example, Medicaid, or Children's Health Insurance Program (CHIP), Hoosier Healthwise, or private, for example, Affordable Care Act (ACA) or employer-provided.
>
> **Accessibility**. Health insurance is accessible if it covers the geographic area in which the child lives. The court may consider other relevant factors such as provider network, comprehensiveness of covered services[,] and likely continuation of coverage.

[13] Here, Mother presented evidence that, in December 2017, following a dispute over parenting time, Father advised Mother that Sharlae planned to disenroll M.P. from Tricare effective January 1, 2018, because he and Sharlae were "exhausted" by Mother's conduct. Appellant's App. Vol. II at 191. However, in the days after January 1, 2018, Mother was informed by a Tricare

representative that M.P. was still covered under Sharlae's policy. But in late January, Mother called Father, who told her that M.P. was no longer covered by Tricare. As a result of the confusion about whether M.P. was covered by Tricare, Mother had to cancel some of M.P.'s appointments pending her re-enrollment in Medicaid.

[14] We hold that, in light of the evidence, the trial court properly exercised its discretion to order that M.P. would be covered by Medicaid, only. Mother presented evidence that the intermittent enrollment and disenrollment in Tricare caused disruptions in the continuity of M.P.'s health care. And Father did not present evidence showing that M.P. would suffer no consequences by being covered by both Tricare and Medicaid and/or that intermittent enrollment in Tricare would not cause problems for M.P.'s health care with her providers in Indiana. The trial court's order is not clearly erroneous.

## Issue Two:  Attorney's Fees

[15] Father contends that the trial court erred when it ordered him to pay Mother's attorney's fees in defending against Father's motion to quash the request for production of documents from Tricare and in seeking to clarify the trial court's February 21, 2018, order regarding health insurance for M.P.[1]  Again, because

---

[1]  The trial court also ordered Father to pay Mother's cost to obtain the February 21, 2018, transcript, but Father does not challenge that part of the court's order.

the trial court's order followed an evidentiary hearing, our review is under the clearly erroneous standard. *Anderson*, 4 N.E.3d at 1206 n.6.

[16] Under Indiana Code Section 34-52-1-1 (2018), a court may award attorney's fees to a prevailing party, if the court finds that either party:

> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.

[17] Here, the trial court found that, given the court's February 21, 2018, order that M.P. was to be covered by Medicaid, there was "no reason" for the June 4, 2018, hearing. Tr. at 114. And the trial court ordered Father to pay Mother's attorney's fees because Father "didn't do what [the court had] said" at the February 21, 2018, hearing. *Id.* at 117. The evidence showed that Father's disregard for the court's order regarding M.P.'s health insurance created confusion which, in turn, led Mother to pursue the request for production of documents and clarification of the court's prior order. In essence, the trial court found that Father's motion to quash, which resulted in the June 4 hearing, was unreasonable. We hold that the trial court did not err when it ordered Father to pay Mother's attorney's fees. *See, e.g.*, *French v. French*, 821 N.E.2d 891, 898 (Ind. Ct. App. 2005) (holding trial court's attorney's fee award to husband was

not error where wife's "continuous filings . . . crossed the boundary into unnecessary and unwarranted litigation").

[18] Affirmed.

Pyle, J., and Altice, J., concur.