**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KEITH W. VONDERAHE**
Ziemer, Stayman, Weitzel & Shoulders, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID D. KIELY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 14A04-1307-DR-372 |
| | ) | |
| KATHRYN STARNES-KIELY, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |
| | ) | |

APPEAL FROM THE DAVIESS CIRCUIT COURT
The Honorable Gregory A. Smith, Judge
Cause No. 14C01-1008-DR-388

**February 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

This is the second appeal in this dissolution case. In the first appeal, David D. Kiely ("Husband") challenged the trial court's nearly equal division of the marital estate. Specifically, Husband took issue with the trial court's treatment of property he had inherited from his father, which constituted about half of the total marital estate. Husband argued that he was entitled to all of the inherited property and half of the remaining marital estate—the non-inherited property. In other words, Husband sought significantly more than half of the total marital estate.

We were unable to sufficiently address Husband's claim because of conflicting language in the trial court's order. The court seemed to imply that Husband had rebutted the presumption of an equal division but nonetheless divided the marital estate nearly equally. And elsewhere in the record, the trial court appeared to suggest that it intended to give Husband all of the inherited property and half of the remaining estate, yet it had not done so. We therefore remanded for clarification.

On remand, the trial court clarified its intent to divide the marital estate equally. In light of this and our deferential standard of review, we affirm.

**Facts and Procedural History**

Husband and Wife were married in December 1990. Fifteen years later, while they were still married, Husband inherited a number of assets from his father. These assets included real estate in Indiana and Kentucky—including an office building in Evansville—stock in various companies, such as Pfizer, Verizon, and Vectren, valuable coins, and artwork. The total value of these items was approximately $278,000.

Husband filed a petition for dissolution of marriage in 2010. In addition to the items inherited by Husband, the parties had accumulated other marital assets, including real estate, stock, and financial accounts. In April 2012, the trial court entered an order resolving all issues related to the parties' children and the marital estate.[1]

In its order, the trial court explained that both the inherited and non-inherited assets were marital property subject to division. The court made a number of findings concerning the inherited property, including the following:

> There is no evidence that the Wife contributed, in any way, to the acquisition or preservation of the inherited assets.
>
> The parties had been married for approximately fifteen (15) years before the Husband's father died.
>
> Therefore, the Husband's father could have set aside property for the Wife if he desired to do so, or left the property to the parties jointly.
>
> Not only did the Wife not contribute to the acquisition or preservation of the inherited property, the testimony was that she failed to even visit the Husband's father in the hospital where he was having surgery to remove a brain tumor which ultimately led to his demise.
>
> Other than the selling of certain Vectren stock to pay down the mortgage on the marital residence, none of the inherited property received by the Husband was ever co-mingled between the parties.

Appellant's App. p. 44 (formatting altered). The court also acknowledged Husband's position regarding the inherited property: "Husband asserts the inherited assets should be awarded solely to him and Wife asserts that the inherited assets should [] be equally divided between the parties." *Id.* at 45. The court noted that the inheritance of assets was

---

[1] The parties have two children, but custody, parenting time, and child-support were not at issue in the first appeal, nor are they at issue in this appeal.

3

a factor to consider in determining whether to deviate from an equal division of the marital estate. *Id.* at 44.

The court also made findings that appeared to suggest that Wife had dissipated marital assets:

> The major asset acquired by Wife was a certain retirement account(s) valued at [$52,793].
>
> The Wife withdrew the funds from these accounts and Husband alleged [she did this] without his knowledge or consent.
>
> The Wife loaned the net proceeds of her 401K to [Wife's business] for general operating expenses, which entity subsequently failed.

*Id.* at 43-44 (formatting altered).

The court ultimately concluded that "all of the inherited assets[] (except 70% of the equity value of the office building) shall be awarded to the Husband, and the remainder of the marital assets shall be divided in an equal and presumably just and reasonable manner as set forth below." *Id.* at 50. The court then proceeded to divide the total marital estate to achieve "a *close to equal* total division . . . ." *Id.* (emphasis added). Husband received about fifty-three percent of the marital estate, and Wife received the remaining forty-seven percent.

Husband filed a motion to correct errors and challenged the division. He recited the court's findings regarding the inherited property and Wife's use of marital assets and claimed that the court had contradicted those findings by dividing the estate almost equally. *Id.* at 64-65. He argued that "considering all the statutory factors and the evidence in this case it is clear that a deviation from an equal division of assets is warranted in favor of the [Husband]." *Id.* at 65.

4

The court denied Husband's motion to correct errors. Somewhat confusingly, the court stated that Husband had received "53% of the net marital estate **plus** all of the inherited assets with the exception of the office building." *Id.* at 21 (emphasis in original). The court elaborated, saying, "[T]he Court believes that the Court's proposed distribution . . . is fair and reasonable and is still weighted in the [Husband's] favor. The [Husband's] position is essentially placing all the inherited property outside of the marital pot, contrary to Indiana law." *Id.* The court also rejected Husband's claim that Wife had dissipated assets. *Id.* at 20 ("[T]here is no evidence that the [Wife] dissipated any marital assets."). Finally, the court acknowledged certain calculation errors, but the court did not attach a modified asset-summary spreadsheet to account for those errors at that time.

Husband appealed, arguing that the trial court's findings contradicted its conclusion that a nearly equal division was appropriate. He implored this Court to find that he was entitled to all of the inherited property and half of the remaining marital estate—the non-inherited property. In support, Husband pointed to the trial court's words in its order denying his motion to correct error, saying they supported his position: "[Husband] still has 53% of the net marital estate **plus** all of the inherited assets with the exception of the office building." *Id.* at 21 (emphasis in original). Husband argued that these words showed that the court intended for him to receive significantly more than half of the total marital estate. But in the same order, the court seemingly rejected that argument, saying that Husband was attempting to "plac[e] all the inherited property outside of the marital pot, contrary to Indiana law." *Id.* In light of this conflicting language, we remanded for clarification.

On remand, the trial court clarified its intent. Revising its previous language, the court explained:

> "[H]usband [] did receive ALL the inherited assets (EXCEPT the office building equity) **plus** 30% of the non-inherited assets and office building equity. This resulted in [] Husband receiving approximately 53% of all assets (inherited and non-inherited assets) included in the marital pot and Wife receiving the remaining 47% **before** the cash equalization payment which would result in a 50/50 division.

*Id.* at 13 (emphasis in original). Critically, the court rejected Husband's argument that he should receive all of the inherited assets *and* half or more of the remaining marital estate. *Id.* at 14 ("[H]usband asserted at the motion to correct error hearing that he should receive all of the inherited assets and 70% of the non-inherited assets, and this Court concluded that such a division was not supported by the evidence and was not a fair or reasonable division of the marital estate and estimated it may result with Husband receiving nearly 90% of the marital estate.").

Notably, the court attached a modified asset-summary spreadsheet to its order on remand. The modified spreadsheet corrected certain calculation errors, which resulted in a truly equal division of the marital estate. *Id.* at 14, 16-17.

Husband now appeals a second time.

## Discussion and Decision

Husband argues that the trial court erred in dividing the marital estate. He contends that he rebutted the presumption of an equal division, but despite this, the court divided the estate equally.

As was the case in the previous appeal, Wife has not filed an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments.

6

*Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

We apply a strict standard of review to a trial court's division of property. *Wilson v. Wilson*, 732 N.E.2d 841, 844 (Ind. Ct. App. 2000), *trans. denied.* When a party challenges the division of marital property, he must overcome a strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. *See Estudillo v. Estudillo*, 956 N.E.2d 1084, 1090 (Ind. Ct. App. 2011), *reh'g denied.* We must decide whether the court's decision constitutes an abuse of discretion, considering only the evidence most favorable to the court's disposition of the property, without reweighing the evidence or assessing the credibility of witnesses. *Webb v. Schleutker*, 891 N.E.2d 1144, 1153 (Ind. Ct. App. 2008) (citing *Hill v. Hill*, 863 N.E.2d 456, 462-63 (Ind. Ct. App. 2007)), *reh'g denied.* An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law or disregarded evidence of factors listed in the controlling statute. *Id.* Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id.*

The trial court here entered findings sua sponte. Thus, the specific factual findings control only the issues that they cover, while a general-judgment standard applies to issues upon which there are no findings. *C.B. v. B.W.*, 985 N.E.2d 340, 344 (Ind. Ct. App. 2013), *trans. denied.* It is not necessary that each and every finding be correct, and even if one or more findings are clearly erroneous, we may affirm the judgment if it is

7

supported by other findings or is otherwise supported by the record. *Id.* We may affirm a general judgment with sua sponte findings upon any legal theory supported by the evidence introduced at trial. *Id.* Although sua sponte findings control the issues they cover, they do not otherwise affect our general-judgment standard of review, and we may look both to other findings and beyond the findings to the evidence in the record to determine if the result is against the facts and circumstances before the court. *Id.*

At issue is the trial court's division of the marital estate. An equal division is presumed to be just and reasonable. *See* Ind. Code § 31-15-7-5. However, that presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

8

(B) a final determination of the property rights of the parties.

I.C. § 31-15-7-5.

Indiana Code section 31-15-7-4(a) is also relevant here. Section 31-15-7-4(a) requires a trial court to divide all property of the parties, regardless of whether it was:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

(A) after the marriage; and

(B) before final separation of the parties; or

(3) acquired by their joint efforts.

In other words, all property goes into the marital pot. *See Hill*, 863 N.E.2d at 460 (citing *Beard v. Beard*, 758 N.E.2d 1019, 1025 (Ind. Ct. App. 2001), *trans. denied*). This "one-pot" theory insures that all assets are subject to the trial court's power to divide and award. *Id.* (citing *Thompson v. Thompson*, 811 N.E.2d 888, 914 (Ind. Ct. App. 2004), *trans. denied*).

Because Indiana law permits the presumption of an equal distribution to be rebutted, in certain situations one party may receive significantly more than half of the total marital estate. *See Trost-Steffen v. Steffen*, 772 N.E.2d 500, 507 (Ind. Ct. App. 2002) (affirming trial court's unequal division of the marital estate in which the wife received approximately eighty-five percent of the estate), *trans. denied*; *see also In re Marriage of Stetler*, 657 N.E.2d 395, 398 (Ind. Ct. App. 1995) (trial court properly awarded the husband approximately ninety percent of the total marital estate based on the short duration of the marriage and the fact that substantially all of the marital assets were

9

acquired through the husband's sole efforts). However, "even if some items meet the statutory criteria that may support an unequal division of the overall pot, the law does not require an unequal division if overall considerations render the total resolution just and equitable." *Fobar v. Vonderahe*, 771 N.E.2d 57, 60 (Ind. 2002).

Here, the trial court made a number of findings regarding the factors set forth in Section 31-15-7-5—particularly with respect to Husband's inheritance and Wife's treatment of certain marital assets. But contrary to Husband's assertion, the trial court never expressly found that Husband had rebutted the equal-division presumption, and the court rejected his allegation that Wife had dissipated marital assets. Therefore, we must conclude that the trial court considered these factors and determined that they did not warrant an unequal division of the marital estate. The trial court's revised language in its order on remand leaves us certain this was the case:

> Husband [] did receive ALL the inherited assets (EXCEPT the office building equity) **plus** 30% of the non-inherited assets and office building equity. This resulted in [] Husband receiving approximately 53% of all assets (inherited and non-inherited assets) included in the marital pot and Wife receiving the remaining 47% **before** the cash-equalization payment which would result in a 50/50 division.

> [H]usband asserted at the motion to correct error hearing that he should receive all of the inherited assets and 70% of the non-inherited assets, and this Court concluded that such a division was not supported by the evidence and was not a fair or reasonable division of the marital estate and estimated it may result with Husband receiving nearly 90% of the marital estate.[2]

Appellant's App. p. 12-14 (citations omitted, formatting altered) (emphasis in original).

---

[2] Husband argues that he requested approximately sixty-seven percent of the total marital estate, not ninety percent. *See* Appellant's Br. p. 15. Nonetheless, the trial court concluded that an equal division was appropriate, and we affirm the trial court.

Husband invites us to reconsider the trial court's conclusion that an equal division is appropriate, but we decline do so. While the facts and circumstances viewed from our perspective may support a division more favorable to Husband, there is sufficient evidence to support an equal division: the parties had been married more than twenty years, Wife's income at the time of division was almost a third of Husband's, Husband was awarded the marital home, and Wife incurred debt by buying a home post-separation. *See Fobar*, 771 N.E.2d at 60. This Court may not substitute its judgment for that of the trial court. *See D.C. v. J.A.C.*, 977 N.E.2d 951, 956 (Ind. 2012) ("Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time."). We find no error in the trial court's division of the marital estate.

Affirmed.

RILEY, J., and PYLE, J., concur.

11