## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2017, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick A. Duff
Duff Law, LLC
Evansville, Indiana

ATTORNEY FOR APPELLEE

Kathryn L. Kornblum
Vanstone & Kornblum, LLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Windsor Lundy,

*Appellant-Respondent,*

v.

Carol Ann Lundy,

*Appellee-Petitioner*

November 30, 2017

Court of Appeals Case No.
82A05-1704-DR-786

Appeal from the Vanderburgh
Superior Court

The Honorable Richard G.
D'Amour, Judge

Trial Court Cause No.
82D07-1512-DR-1560

**Crone, Judge.**

# Case Summary

David Windsor Lundy ("Husband") appeals the trial court's distribution of the marital estate following the dissolution of his marriage to Carol Ann Lundy ("Wife"). He claims that the trial court abused its discretion when it deviated from the presumption of an equal division of property. He further asserts that the trial court abused its discretion in its valuation of various marital assets. Finding no abuse of discretion or reversible error, we affirm.

# Facts and Procedural History

Husband and Wife were married in October 1992. Each had been previously married, and each owned significant assets prior to the marriage which were either inherited or accumulated through their individual efforts. Specifically, prior to the marriage, Husband owned a home in Henderson, Kentucky, with his previous spouse. Pursuant to the divorce decree, Husband retained his one-half interest in the home while his previous spouse has the right to live in, and still does live in, the home until it is sold. When she was in high school, Wife inherited a one-eighth interest in farmland that had been owned by her family for generations. In 2005, Wife inherited another five-eighths interest in the farmland. Wife also inherited $256,000 and placed those funds in an investment account often used by both Husband and Wife to pay for individual and joint purchases. In 2009, Husband inherited a one-third interest in real property that subsequently became the marital residence when the parties purchased the remaining two-thirds interest from Husband's siblings for $80,000.

[3]    During the marriage, both Husband and Wife were self-employed. Husband worked part-time repairing musical instruments and electronics, and also spent some time servicing HVAC products. Husband continues to work and has a monthly social security income of $1820. Wife was a piano teacher. She retired due to health reasons and has a monthly social security income of $992. Also during the marriage, Husband maintained two investment accounts, Wife had three investment accounts, and the parties had two joint investment accounts, all with Hilliard Lyons. The parties also owned a timeshare, various items of jewelry, several pianos, and other personal property.

[4]    In September 2015, the parties separated. A few months prior to the separation, Wife met with an attorney and placed her interest in the farm property in an irrevocable trust with Wife's grandson as the beneficiary upon Wife's death. Husband was present with Wife during this transaction.

[5]    Wife filed a petition for dissolution of marriage on December 4, 2015. The trial court held two contested hearings on August 4 and October 24, 2016. The court entered its decree of dissolution of marriage on November 10, 2016. In its dissolution order, the court found and concluded in relevant part as follows:

> 3. All property of the parties, either owned jointly or in their individual names, whether owned prior to the marriage or inherited before or during the marriage, has been included in the marital pot. The Court finds that the presumption of an equal division has been rebutted in regards to two pieces of real estate, one owned by the Husband prior to the marriage and the other a parcel of real estate inherited both prior to and during the

marriage by the Wife. The division of said real estate is as follows:

A. Real Estate in Henderson, Kentucky.

The Husband and a former spouse jointly own a home in Henderson Kentucky. His ex-wife currently resides in the home and has for close to twenty-five (25) years. At some point the Husband or his heirs may receive his one-half (1/2) interest in this home. The Husband's share has a fair market value of [$67,500]. The Husband is awarded his fifty percent (50%) interest in said real estate free and clear from the Wife. The property is set off to the Husband's side of the marital ledger without including its value with the other items of property awarded to him. This property is set off to the Husband in this manner because he has continuously owned said real estate with his ex-wife through this marriage and that the Husband's interest in said real estate is remote due to his ex-wife's apparent life estate.

B. 153 acres in Spencer County, Indiana

The Wife had a seventy-five percent (75%) interest in one hundred fifty-three (153) acres of farm ground in Spencer County, Indiana. A 1/8[th] share of this real estate was inherited prior to the marriage and a 5/8ths interest was inherited by her during the marriage. Said real estate has always been in her name and she was primarily responsible for the business aspect of tenant farming this real estate during the marriage, although with some assistance from the Husband. The Court is aware of her attempt to place this real estate outside the marital estate five (5) months before the filing of this action by placing it in an irrevocable trust. The timing of this action on her part is certainly suspect and could have, if plead, raised issues of fraud, either actual or constructive. However, the Court declines to

make a ruling on the validity of the irrevocable trust and on the issue of fraud. This farm ground has been in the Wife's family for generations. She kept it in her name and she ran the farm operations. The Husband did receive some of the benefit from the farm income that came into the family unit during the marriage and was used to purchase marital assets and pay marital debts. The Court finds her interest in this farm ground to have a fair market value of [$286,875]. The Wife is awarded her interest in said real estate free and clear of any claim by the Husband. This property is set off to the Wife's side of the marital ledger without including its value with the other items of property awarded to her.

Appellant's App. 19-21. The trial court valued and divided the remaining items of real and personal property equally ($371,427 to each party), finding that "a 50/50 division of these items to be just and reasonable under the circumstances." *Id*. at 21-22.

Husband filed a motion to correct error and requested a stay of the court's order. Following a hearing, the trial court denied Husband's motion. This appeal ensued.

## Discussion and Decision

The trial court here sua sponte entered findings of fact and conclusions thereon to accompany its dissolution decree. Accordingly, the specific factual findings control only the issues that they cover, while a general judgment standard applies to issues upon which there are no findings. *Fetters v. Fetters*, 26 N.E.3d 1016, 1019 (Ind. Ct. App. 2015), *trans. denied*. As to the issues upon which the trial court made specific findings, we apply a two-tiered standard of review:

first, we consider whether the evidence supports the findings of fact; second, we determine whether the findings of fact support the conclusions thereon. *Estudillo v. Estudillo*, 956 N.E.2d 1084, 1090 (Ind. Ct. App. 2011). We will uphold the trial court's findings of fact and conclusions thereon unless they are clearly erroneous. *Id*. Clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." *Masters v. Masters*, 43 N.E.3d 570, 575 (Ind. 2015).

## Section 1 – The trial court did not abuse its discretion in determining that the presumption of an equal division of marital property had been rebutted with respect to the Kentucky and Spencer County properties.

[8] Husband contends that the trial court abused its discretion in determining that the presumption of an equal division of marital property had been rebutted with respect to the Kentucky and Spencer County properties. The division of marital assets lies in the trial court's discretion, and we will reverse only for an abuse of that discretion. *Fischer v. Fischer*, 68 N.E.3d 603, 608 (Ind. Ct. App. 2017), *trans. denied*. It is well established in Indiana that all marital property goes into the marital pot for division, whether it was owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a); *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). This "one-pot" theory insures that all assets are subject to the trial court's power to divide and award. *Hill*, 863 N.E.2d at 460. While the trial court may ultimately determine

that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided. *Id.*

[9] Indiana Code Section 31-15-7-4(b) requires the trial court to divide the marital property in a "just and reasonable manner." The court "shall presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5. This presumption can be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, demonstrating that an equal division would not be just and reasonable:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
> (A) before the marriage; or
>
> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective ....
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:

> (A) a final division of property; and

> (B) a final determination of the property rights of the parties.

*Id*.

[10] The division of marital property is highly fact sensitive. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). A party challenging the trial court's division of marital property must overcome a strong presumption that the dissolution court "considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *McCord v. McCord*, 852 N.E.2d 35, 43 (Ind. Ct. App. 2006) (quoting *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004)), *trans. denied*. Accordingly, we will reverse a trial court's division of marital property only if there is no rational basis for the award. *Luttrell v. Luttrell*, 994 N.E.2d 298, 301 (Ind. Ct. App. 2013), *trans. denied* (2014). We consider only the evidence most favorable to the trial court's disposition of the property without reweighing evidence or assessing witness credibility, and although the facts and reasonable inferences might justify a different property distribution, we will not substitute our judgment for that of the trial court. *Webb v. Schleutker*, 891 N.E.2d 1144, 1153-54 (Ind. Ct. App. 2008).

[11] Here, the trial court determined that the presumption of an equal division of marital property had been rebutted solely with respect to two pieces of marital property: the Kentucky residence owned by Husband and his prior spouse, and the Spencer County farmland inherited by Wife both before and during the

marriage. The court specifically included the parties' respective interests in both pieces of real estate in the marital pot, and then determined that Husband's interest in the Kentucky residence, valued at $67,500, should be set aside solely to him, and that Wife's interest in the Spencer County farmland, valued at $286,875, should be set aside solely to her.

[12] Husband first complains that the trial court awarded Wife's interest in the Spencer County farmland solely to her. It is well settled that while a trial court must include inherited property in the marital pot, the decision of whether to set over the inherited property to a party is discretionary. *See Hyde v. Hyde*, 751 N.E.2d 761, 766 (Ind. Ct. App. 2001). That is to say, if the trial court here determined that setting aside the inherited property to Wife was just and proper, and explained its deviation from the presumptive fifty-fifty split accordingly, we will not disturb that decision.

[13] The trial court here explained its deviation from the presumptive fifty-fifty split based upon the fact that Wife's interest in the Spencer County property was inherited; the land has been in Wife's family for generations; it has always remained in Wife's name; and Wife, rather than Husband, handled the operation of that farmland.[1] The trial court further noted that Husband did receive some of the benefit from the farm income that came into the family unit during the marriage and was used to purchase marital assets and pay marital debts. The record also indicates that Husband collects almost double the social

---

[1] The record indicates that Wife hired tenant farmers to work the useable portions of the land.

security income that Wife does, and that he is still employed and enjoys a higher future earning ability. Given these facts, we cannot say that the trial court abused its discretion when it deviated from an equal division of property and set aside Wife's inherited interest in the Spencer County property solely to her. *See Casteneda v. Casteneda*, 615 N.E.2d 467, 470-71 (Ind. Ct. App. 1993) (holding that trial court did not abuse discretion in setting aside inheritance exclusively to wife where it was kept in wife's name separate from husband and husband did not contribute to accumulation of the property). The evidence supports the trial court's findings of fact in this regard, and the findings of fact support the conclusions thereon.[2]

[14] It is difficult to discern Husband's complaint regarding his interest in the Kentucky property that he acquired prior to the marriage, and that was set aside solely to him. Apparently, he disputes the inclusion of that asset in the marital pot in the first place. He asserts that his interest in that property should not have been considered a marital asset because it is "remote and non-vested." Appellant's Br. at 13.

[15] An asset may vest in possession or in interest. *In re Marriage of Preston*, 704 N.E.2d 1093, 1097 (Ind. Ct. App. 1999). "Vesting in possession connotes an

---

[2] Wife points out that prior to her filing of the dissolution petition, she placed the Spencer County property in an irrevocable trust. The trial court specifically noted that the timing of Wife's action was "certainly suspect," but the court declined to make a finding as to the validity of the trust. Appellant's App. at 20. Wife argues that "the trial court clearly erred in not finding the irrevocable trust placed the farmland outside the marital pot as she was divested of her interest." Appellee's Br. at 21. However, Wife does not expand on this argument, stating that this alleged error "is not fatal in that [the trial court] set the property aside to Wife." *Id.* at 10. Therefore, we will not address either the trust or its validity.

immediate existing right of present enjoyment, while vesting in interest implies a presently fixed right to future enjoyment." *Id.* This Court has concluded that a future or remainder interest in real estate subject to a life estate is a present pecuniary interest capable of valuation. *Falatovics v. Falatovics*, 15 N.E.3d 108, 111 (Ind. Ct. App. 2014). Here, the trial court found that Husband still owns the Kentucky property jointly with his former spouse, and that Husband's ex-wife enjoys what may be described as a life estate in the property pursuant to the divorce decree.[3] Thus, although Husband does not have a legal present possessory interest in the Kentucky property, his fifty-percent future interest in that property is fixed and certain, and that interest has a present pecuniary value. Accordingly, the trial court properly included the property in the marital pot before setting it aside solely to Husband.

[16] In sum, Husband's complaint can be boiled down to one thing: he is unhappy with the wide disparity between the value of the Kentucky property set aside solely to him and the value of the Spencer County property set aside solely to Wife. Be that as it may, we think that the trial court adequately explained its reasons for deviating from the presumption of an equal division of property with respect to the two pieces of real estate based upon the relevant evidence presented regarding the statutory factors listed in Indiana Code Section 31-15-7-5. As there is a rational basis for the property distribution, we will not

---

[3] The divorce decree basically permits Husband's ex-wife to live on the Kentucky property until she no longer wishes to or gets remarried. However, the decree also permits either party to purchase the other's interest or sell their interest to a third party at any time. Appellant's App. Vol. 2 at 101.

substitute our judgment for that of the trial court. We find no abuse of discretion.

## Section 2 – The trial court did not abuse its discretion in valuing the remaining marital property.

[17] Husband further challenges the trial court's valuation of various other items of marital property. We review a trial court's valuation of an asset in a marriage dissolution for an abuse of discretion. *Bingley v. Bingley*, 935 N.E.2d 152, 154 (Ind. 2010). As long as evidence is sufficient and reasonable inferences support the valuation, an abuse of discretion does not occur. *Webb*, 891 N.E.2d at 1151. Upon review of a trial court's valuation of property in a dissolution, we neither reweigh the evidence nor judge the credibility of witnesses. *Crider v. Crider*, 15 N.E.3d 1042, 1056 (Ind. Ct. App. 2014), *trans. denied*.

[18] When determining the date upon which to value the marital assets, the trial court may select any date between the date of filing the dissolution petition and the date of the final hearing. *Deckard v. Deckard*, 841 N.E.2d 194, 200 (Ind. Ct. App. 2006). Our supreme court has explained that "[t]he selection of the valuation date for any particular marital asset has the effect of allocating the risk of change in value of that asset between the date of valuation and date of the hearing. We entrust this allocation to the discretion of the trial court." *Quillen v. Quillen*, 671 N.E.2d 98, 103 (Ind. 1996). There is no abuse of discretion where the trial court's valuation of a marital asset is within the range of values supported by the evidence. *Balicki v. Balicki*, 837 N.E.2d 532, 536 (Ind. Ct. App. 2005), *trans. denied* (2006). A valuation submitted by one of the parties

is competent evidence of the value of property in a dissolution action and may, alone, support the trial court's determination. *Crider*, 15 N.E.3d at 1056.

[19] Husband first contends that "there is a sum of $6834.81 that is unaccounted for towards [Wife's] share of [the marital] estate and not considered by the trial court's distribution of assets." Appellant's Br. at 18. Husband states that this discrepancy was caused by the trial court's selection of a valuation date of October 24, 2016, for Wife's Hilliard Lyons IRA account, but a valuation date of August 4, 2016, for two of Husband's Hilliard Lyons accounts.[4] Husband asserts that the trial court was required to "value all accounts at the same point in time" and that reversible error occurred because the court did not. *Id.* at 20. However, contrary to Husband's assertion, "[t]here is no requirement in our law that the valuation date be the same for every asset." *Wilson v. Wilson*, 732 N.E.2d 841, 843 (Ind. Ct. App. 2000), *trans. denied*. To the extent Husband argues that the trial court's valuation was erroneous because the court selected different dates on which to value different assets, we find no error.[5]

---

[4] Wife's IRA account reportedly had a value of $73,998.00 on August 4, 2016, and a value of $67,139.19 on October 24, 2016, resulting in a difference of $6834.81.

[5] Husband mentions that the trial court "didn't take into consideration the funds that [Wife] spent from her Hilliard Lyons IRA" account during the pendency of the dissolution. Appellant's Br. at 20. However, Husband made no argument to the trial court, nor does he make an argument to this Court, that Wife's use of those funds was unjustified or constituted a dissipation of assets. *See Hardebeck v. Hardebeck*, 917 N.E.2d 694, 700 (Ind. Ct. App. 2009) ("Dissipation generally involves the use or diminution of the marital estate for a purpose unrelated to the marriage and does not include the use of marital property to meet routine financial obligations" and may also include "the frivolous and unjustified spending of marital assets."). We need not address this issue any further.

[20] Husband also maintains that the trial court abused its discretion in valuing (or failing to assign a positive value to) numerous other assets including certain debt owed to Husband, a vehicle, a trailer, Husband's business, guns and a gun safe, pianos, jewelry, the timeshare, cosmetic procedures that Wife received during the marriage, and a bank account. While we decline to go into detail regarding each of these items, our thorough review of the record reveals that the trial court's valuations of each of these items is within the range of values supported by the evidence presented to the trial court. Husband essentially asks us to reweigh the evidence in his favor, which we will not do. We find no abuse of discretion with respect to the trial court's valuation of those assets.

[21] We do agree with Husband, however, that a slight error may have occurred regarding the Evansville Teachers Federal Credit Union account ending in 753. It appears that the only evidence presented as to the value of this account revealed a balance of $361.00, but the trial court assigned a value of $500.00 on the final balance sheet. This was likely a scrivener's error. Wife does not disagree that this error occurred.[6] Nevertheless, because the error had a de minimis effect on the substantial property distribution that occurred here, we find it harmless and leave the trial court's order undisturbed. The trial court's dissolution order and property distribution is affirmed.

---

[6] Wife did not respond to Husband's argument in this regard. An appellee's failure to respond to an issue raised in an appellant's brief is, as to that issue, akin to failing to file a brief. *Khaja v. Khan*, 902 N.E.2d 857, 868 (Ind. Ct. App. 2009). Thus, the appellant need only establish that the trial court committed prima facie error, that is, error at first sight, on first appearance, or on the face of it. *Id*.

[22] Affirmed.

Vaidik, C.J., and Mathias, J., concur.