## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2018, 7:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Gabriel S. Britton | Michael A. Ksenak |
| Martinsville, Indiana | Ksenak Law Firm |
| | Martinsville, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Michael Lee Sugars, | May 11, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 55A04-1707-DR-1691 |
| v. | Appeal from the Morgan Superior Court |
| Heather Leanne Sugars, | The Honorable Peter R. Foley, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 55D01-1605-DR-733 |

**Mathias, Judge.**

[1] The Morgan Superior Court granted Michael Sugars's ("Husband") petition to dissolve his marriage to Heather Sugars ("Wife"), and the court equally divided the marital estate between the parties. Husband appeals and raises three issues, which we restate as:

I. Whether the trial court abused its discretion when it assigned a value of $2,000 to the parties' 2000 Volkswagen Beetle;

II. Whether the trial court abused its discretion by equally dividing the equity in the marital residence because Husband paid down the mortgage balance with funds received from inheritances; and,

III. Whether the trial court abused its discretion when it equally divided Husband's pension between the parties and effectively awarded Wife half of his disability back pay.

We agree that the trial court's valuation of the vehicle is not supported by the evidence, but in all other respects, we affirm the trial court's judgment.

## Facts and Procedural History

The parties were married on June 16, 1995. Both parties were employed full-time, and they comingled their assets. During the marriage, Husband received two inheritances. In 2000, Husband inherited $10,000 from his grandmother. In 2007, Husband inherited $26,500 from his aunt. Husband used both inheritances to make payments toward the principal owed on the mortgage for the marital residence. Also, in 2010, Husband received disability back pay from the Veterans Administration in the amount of $35,000. Husband invested the funds in a five-year certificate of deposit ("CD"). When the CD matured, Husband applied the funds toward the principal owed on the parties' mortgage. The parties' goal was to have no existing debt when they reached retirement age.

The parties also owned a 2000 Volkswagen Beetle. During discovery, Husband stated the value of the vehicle was $2,000. At the dissolution hearing, Husband testified that the vehicle was only worth $200 or $300. He stated the $2,000

value he placed on the vehicle during discovery was either a mistake or scrivener's error. Wife testified that the Kelley Blue Book value for the Beetle (if it were sold to a private party) was $1,372.00. Tr. pp. 50–51; Ex. Vol., Respondent's Ex. 12.

[4] During the marriage, Husband was in the Army National Guard. He served twenty-four years and retired in 2007. The parties were married for the last twelve years of Husband's employment in the National Guard. As a result of his National Guard service, Husband receives a $2,404.00 monthly gross pension benefit.

[5] The trial court determined that an equal division of the martial estate was appropriate and just. The court rejected Husband's request for an unequal division of the marital estate. Specifically, the court found that Husband co-mingled the funds received from his inheritances and disability payment "with other marital assets and used the funds for the benefit of the marriage by" using those funds to pay principal owed on the parties' mortgage, which was a joint liability. Appellant's App. p. 15.

[6] The court awarded Wife 25% of Husband's monthly pension benefit and ordered her to pay all taxes associated with her portion. The court awarded the marital real estate to Husband, his vehicle, the Volkswagen Beetle, and various bank accounts. The court valued the Beetle at $2,000. Wife received her vehicle, a CD, one bank account, and a retirement account. Because of this distribution

of the marital assets and liabilities, Husband was ordered to make a cash equalization payment to Wife in the amount of $49,292.42.

[7] Husband now appeals. Additional facts will be provided as necessary.

## Standard of Review

[8] *Sua sponte*, the trial court entered findings of fact and conclusions thereon to accompany its dissolution decree. Accordingly, the specific factual findings control only the issues that they cover, while a general judgment standard applies to issues upon which there are no findings. *Fetters v. Fetters*, 26 N.E.3d 1016, 1019 (Ind. Ct. App. 2015), *trans. denied*. As to the issues upon which the trial court made specific findings, we apply a two-tiered standard of review: first, we consider whether the evidence supports the findings of fact; second, we determine whether the findings of fact support the conclusions thereon. *Estudillo v. Estudillo*, 956 N.E.2d 1084, 1090 (Ind. Ct. App. 2011). We will uphold the trial court's findings of fact and conclusions thereon unless they are clearly erroneous. *Id*. Clear error is "that which leaves us with a definite and firm conviction that a mistake has been made." *Masters v. Masters*, 43 N.E.3d 570, 575 (Ind. 2015).

[9] Moreover, the division of marital assets lies in the trial court's discretion, and we will reverse only for an abuse of that discretion. *Fischer v. Fischer*, 68 N.E.3d 603, 608 (Ind. Ct. App. 2017), *trans. denied*. It is well established in Indiana that all marital property goes into the marital pot for division, whether it was owned by either spouse prior to the marriage, acquired by either spouse after the

marriage and prior to final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a); *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007). This "one-pot" theory ensures that all assets are subject to the trial court's power to divide and award. *Hill*, 863 N.E.2d at 460.

## The Volkswagen Beetle

[10] Husband argues that the trial court abused its discretion when it assigned a value of $2000.00 to the parties' Volkswagen Beetle. We review a trial court's valuation of an asset in a marriage dissolution for an abuse of discretion. *Bingley v. Bingley*, 935 N.E.2d 152, 154 (Ind. 2010). The trial court does not abuse its discretion where sufficient evidence and reasonable inferences drawn therefrom support the valuation. *Webb v. Schleutker*, 891 N.E.2d 1144, 1151 (Ind. Ct. App. 2008). When we review the trial court's valuation of property in a dissolution, we neither reweigh the evidence nor judge the credibility of witnesses. *Crider v. Crider*, 15 N.E.3d 1042, 1056 (Ind. Ct. App. 2014), *trans. denied*.

[11] During discovery, Husband stated that the value of the parties' Volkswagen Beetle was $2,000. When asked about the car's value during the dissolution hearing, Husband stated that the vehicle was only worth $200 or $300. He stated that the discovery response was a mistake or scrivener's error. Tr. pp. 28–29.

[12] Wife testified that the vehicle had a private party value of $1,372 according to Kelley Blue Book. Tr. pp. 50–51. And a copy of the valuation from Kelley Blue

Book listing the vehicle's condition as "fair" and a value of $1,372 was admitted into evidence. Ex. Vol., Respondent's Ex. 12.

[13] In its findings, the trial court found that the "private party value" of the parties' vehicles "is the appropriate value to use and the value most likely to be the fair market value of the vehicles." Appellant's App. p. 15. We conclude that there was not sufficient evidence to support the trial court's $2,000 valuation of the 2000 Volkswagen Beetle, and the trial court should have used the "private party value" of the car as it did for the parties' other vehicles. We therefore remand to the trial court to assign a value of $1,372 to the Volkswagen Beetle and to adjust its distribution accordingly.

## Equal Division of the Marital Estate

[14] Husband argues that he rebutted the presumption that an equal division of the martial estate was just and reasonable because he used two inheritances to pay principal owed on the parties' mortgage. Indiana Code section 31-15-7-4(b) requires the trial court to divide the marital property in a "just and reasonable manner." The court "shall presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5.

[15] This presumption can be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, demonstrating that an equal division would not be just and reasonable:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

> (A) before the marriage; or

> (B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective . . . .

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

> (A) a final division of property; and

> (B) a final determination of the property rights of the parties.

*Id.*

[16] The division of marital property is highly fact sensitive. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). A party challenging the trial court's division of marital property must overcome a strong presumption that the dissolution court "considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *McCord v. McCord*, 852 N.E.2d 35, 43–44 (Ind. Ct. App. 2006), *trans. denied* (citation omitted). Accordingly, we will reverse a trial court's division of marital property only if there is no rational basis for the award. *Luttrell v. Luttrell*, 994 N.E.2d 298, 301 (Ind. Ct. App. 2013), *trans. denied*. We consider only the evidence most favorable to the trial court's disposition of the property without reweighing evidence or assessing witness credibility, and although the facts and

reasonable inferences might justify a different property distribution, we will not substitute our judgment for that of the trial court. *Webb*, 891 N.E.2d at 1153–54.

[17] During the marriage, Husband received a $10,000 inheritance from his grandmother and a $26,500 inheritance from his aunt. The parties desired to be debt free when they reached retirement age; therefore, Husband used the inheritances to make payments toward the principal owed on the parties' mortgage. The trial court found that Husband "co-mingled these funds with other martial assets and used the funds for the benefit of the marriage by paying the inheritance funds . . . towards the payoff of a joint liability[.]" Appellant's App. p. 15. Moreover, Husband's economic circumstances are superior to Wife's, and his income throughout the marriage was significantly greater than Wife's income. For all of these reasons, we conclude that Husband did not rebut the presumption that an equal division of the marital estate was just and reasonable.

## Husband's Pension Benefit and Disability Back Pay

[18] Finally, Husband argues that the trial court erred when it awarded Wife a percentage of his pension and effectively awarded her 50% of his disability back pay by awarding Wife half of the equity in the marital residence. Because Husband used his $35,000 disability back pay to make a payment toward the principal owed on their mortgage, he argues that the $35,000 equity in the martial residence should have been set aside to him. In support of his argument, Husband relies on *Griffin v. Griffin*, 872 N.E.2d 653 (Ind. Ct. App. 2007), in

which our court discussed the United States Supreme Court's opinion in *Mansell v. Mansell*, 490 U.S. 581 (1989).

[19] The facts and circumstances of the cases Husband relies on are markedly different from those before us. In *Griffin*, Husband successfully applied for disability benefits while the parties' divorce was pending. To claim his disability benefits, Husband was required to waive a portion of his military retirement benefits. Wife argued, and the trial court agreed, that she was entitled to 50% of Husband's gross military benefits regardless of the source. Citing the *Mansell* case, Husband argued that VA disability benefits are not divisible marital property. *Griffin*, 872 N.E.2d at 655.

[20] In *Mansell*, the United States Supreme Court held that "the Former Spouses' Protection Act does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans' disability benefits." 490 U.S. at 594–95. Therefore, the *Griffin* Court held that "the trial court's order that [Husband] pay to [Wife] fifty percent (50%) of his retirement income from the military, including his disability payments is clearly erroneous." 872 N.E.2d at 658 (quotations omitted). *See also Bandini v. Bandini*, 935 N.E.2d 253, 262 (Ind. Ct. App. 2010) (stating that "[p]ursuant to *Mansell* and *Griffin*, Indiana trial courts lack authority to enforce even an agreed-upon division of property insofar as it divides amounts of gross military retirement pay that were, previously to the decree, waived to receive disability benefits or elected to be deducted from gross pay as [Survivor Benefit Plan] costs to benefit the former spouse.").

[21] This case does not involve present or future disability benefits. Here, Husband received his $35,000 lump sum disability payment approximately seven years before he filed a petition to dissolve the parties' marriage. Because the parties' desired to have their mortgage paid when they retired, Husband eventually applied the lump sum payment to the principal balanced owed on their mortgage. Husband did not dispute that the marital residence and the equity in the residence were marital assets.

[22] The trial court considered Husband's argument that he was entitled to an unequal division of the marital assets because he used his lump sum disability payment to reduce the debt owed on the parties' residence. The trial court rejected Husband's argument, and under the facts and circumstances of this case, we cannot conclude that trial court erred when it found that Husband did not rebut the presumption that an equal division of the martial estate was just and reasonable.

## Conclusion

[23] The trial court applied the presumption that an equal division of the marital estate was just and reasonable, and Husband did not rebut that presumption. We therefore affirm the trial court's equal division of the marital estate. However, the trial court abused its discretion when it assigned a $2,000 value to the parties' Volkswagen Beetle. We remand this case to the trial court to revise the value of the vehicle to $1,372 and to adjust its distribution accordingly.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

Najam, J., and Barnes, J., concur.